**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felix PEREZ–XIA, Defendant–Appellant.**

**No. 10–10380.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2012.*

Filed Nov. 16, 2012.

Christina Marie Cabanillas, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Enrique Rene Gonzales, Rio Rico, AZ, for Defendant–Appellant.

Felix Perez–Xia, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert D. Sack, Senior Circuit Judge for the Second Circuit, sitting by designation.

Before: SACK,** GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM ***

Defendant–Appellant Perez–Xia appeals the sentence imposed following his guilty plea to illegal reentry after deportation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not commit plain error in determining that Perez–Xia's felony conviction for sexual indecency with a child qualified him for a 16–level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) because the conviction meets the requirements for a crime of violence under the modified categorical approach. A "crime of violence" is defined in the Guidelines to include "sexual abuse of a minor." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. 1(B)(iii). The district court correctly determined that Perez–Xia's conduct in exposing his genitals to a 4 year-old is sufficient to establish sexual abuse of a minor under the modified categorical approach because "[t]he use of young children for the gratification of sexual desires constitutes an abuse." *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999). The district court did not err in relying on the presentence report for a description of the underlying facts of the prior conviction because the presentence report quoted from the information. *See United States v. Gonzalez–*

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Aparicio,* 663 F.3d 419, 423–33 (9th Cir. 2011).

The district court also did not err in determining that Perez–Xia's suspended sentence qualified him for a two-point increase in his criminal history score under U.S. Sentencing Guidelines Manual § 4A1.1(d). Under § 4A1.1(d), two points may be added to the defendant's criminal history category "if the defendant committed the instant offense while under any criminal justice sentence [.]" U.S. Sentencing Guidelines Manual § 4A1.1(d). A "criminal justice sentence" means a sentence "having a custodial or supervisory component, although active supervision is not required for this subsection to apply." *Id.* § 4A1.1 cmt. n. 4. Perez–Xia committed the instant offense while under a suspended sentence for his prior conviction. According to the presentence report, that suspended sentence contained a community supervision component. Additionally, the district court judge spoke with the probation officers and determined that even though "they are not going to revoke [Perez–Xia] in Arkansas," it is "not as though he still doesn't face at least the possibility of that." Accordingly, the district court did not err in determining that Perez–Xia's suspended sentence constituted a "criminal justice sentence" under § 4A1.1(d).

Finally, we find that Perez–Xia's sentence of fifty-one months—the lowest term under the applicable Guidelines range— was substantively reasonable. Perez–Xia's sentence is supported by the totality of the circumstances because the district court properly considered the 18 U.S.C. § 3553(a) factors, including the risk Perez–

* The panel unanimously concludes this case is suitable for decision without oral argument.

Xia presented as an unregistered sex offender.

**AFFIRMED.**